# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,

        Appellant,

    v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,

        Agency.

DOCKET NUMBERS
DE-3330-14-0429-I-1
DE-3330-14-0428-I-1
DE-3330-14-0453-I-1
DE-3330-14-0525-I-1

DATE: April 15, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Melinda V. McKinnon</u>, Esquire, and <u>Robert E. Nerthling, II</u>, Esquire,
   Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        Between April and May of 2014, the agency sought applicants for four distinct Public Health Advisor positions within the Centers for Disease Control and Prevention (CDC) under delegated examining (DE) announcements HHS-CDC-D3-14-1094636 (DE-36), HHS-CDC-D4-14-1108801 (DE-01), HHS-CDC-D1-14-1092777 (DE-77), and HHS-CDC-D3-14-1109123 (DE-23). *See* MSPB Docket No. DE-3330-14-0429-I-1, Initial Appeal File (0429 IAF), Tab 13 at 99-103 (DE-36 job posting), 173-78 (DE-01 job posting), 246-51 (DE-77 job posting), 318-23 (DE-23 job posting). Concurrently, the agency sought applicants through separate merit promotion (MP) announcements for those same Public Health Advisor positions. *See id*. at 99, 173, 246, 318 (DE announcements noting the concurrent MP announcements and warning that applicants must apply to each separately to be considered for both). The appellant submitted an application, along with documentation of his veterans' preference, for each of the four DE announcements. *Id*. at 67-97 (DE-36 submission), 140-71 (DE-01 submission), 213-44 (DE-77 submission), 285-316 (DE-23 submission).

However, it is undisputed that the appellant did not apply for any of the concurrent MP announcements.

¶3    The agency concluded that the appellant lacked the requisite specialized experience for any of the four Public Health Advisor positions.[2] *Id*. at 29, 37 (DE-36 determination), 114, 123 (DE-01 determination), 188-89, 195 (DE-77 determination), 261-62 (DE-23 determination).  It then selected candidates for at least three of the four MP announcements, without selecting any candidates from the DE announcements.  *See id*. at 29, 116-17, 189, 263.

¶4    After being denied relief from the Department of Labor, the appellant filed separate Board appeals alleging that the agency acted improperly when it processed his applications and found him not qualified for each of the Public Health Advisor vacancies.  MSPB Docket No. DE-3330-14-0428-I-1, Initial Appeal File, Tab 1 (appeal of DE-36); 0429 IAF, Tab 1 (appeal of DE-01); MSPB Docket No. DE-3330-14-0453-I-1, Initial Appeal File, Tab 1 (appeal of DE-77); MSPB Docket No. DE-3330-14-0525-I-1, Initial Appeal File (0525 IAF), Tab 1 (appeal of DE-23).  The administrative judge joined them for adjudication.  *See* 0429 IAF, Tab 8 at 1; 0525 IAF, Tab 3 at 1.

¶5    The administrative judge found that the Board has jurisdiction over the matter pursuant to 5 U.S.C. § 3330a but denied the appellant's request for corrective action based on the written record.  0429 IAF, Tab 21, Initial Decision (ID) at 2.  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

¶6    The appellant seems to argue that the administrative judge erred in finding that the agency did not violate any of his veterans' preference rights when it

---

[2] For the DE-77 and DE-23 announcements, the agency's initial form notices contained conflicting reports regarding the appellant's eligibility for the positions.  *See id*. at 195, 197 (DE-77 notices), 265, 267 (DE-23 notices).  However, the agency submitted sworn statements confirming that the appellant was deemed not qualified for either.  *Id*. at 188-89 (S.S. declaration regarding DE-77), 261-62 (R.J. declaration regarding DE-23).

determined that he was not qualified for the Public Health Advisor positions. PFR File, Tab 1 at 8-13. He also asserts that the administrative judge erred in deciding his appeal on the written record, without granting his request for a hearing. *Id*. at 7-11. We find no merit to either argument.[3]

¶7 To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's action violated one or more of his statutory or regulatory veterans' preference rights in its selection process. *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 209, ¶ 10 (2010). A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q). The administrative judge found that the appellant failed to meet that burden, and we agree.

¶8 Preference-eligible veterans applying for federal employment have the right "to credit for all experience material to the position for which examined, including experience gained in religious, civic welfare, service, and organizational activities, regardless of whether" such experience is

---

[3] The appellant's petition includes several additional assertions that do not provide a basis to disturb the initial decision. For example, the appellant generally criticizes the agency for not hiring him for any one of at least 37 other positions for which he applied; for expending significant legal fees defending against his various appeals; for its rate of veteran hiring; and for its response to recent events, such as natural disasters. PFR File, Tab 1 at 15-17. None of these assertions warrant further review in this, his appeal of the agency's determination that he was not qualified for these specific Public Health Advisor vacancies.

The appellant also argues that the administrative judge erred in dismissing his claim that he was entitled to "priority placement" in the selection process. *Id*. at 11-12. However, he failed to identify, and we are aware of no evidence, in the record reflecting any such entitlement. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake the burden of a complete review of the record, a petitioning party must explain why a challenged factual determination is incorrect, and identify specific evidence in record which demonstrates the error).

unpaid. 5 U.S.C. § 3311(2); 5 C.F.R. § 302.302(d). However, it would be inconsistent with the Board's role under VEOA to engage in a fact-based review of how an agency weighed and assessed a preference eligible's experiences in making its hiring decisions and determinations about the preference eligible's qualifications for a position. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 12 (2014). Therefore, while the Board will determine whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, the Board will not reevaluate the weight the agency accorded those experiences in reaching its decision that the appellant was not qualified for a given position. *Id*. (citing *Kirkendall v. Department of the Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009)).

¶9 Below, the administrative judge found that the agency credited the appellant with all of his valuable experience material to each of the Public Health Advisor positions at issue in determining that he was not qualified. ID at 7-10. We agree.

¶10 The DE-36 posting corresponded to a GS-13 position serving as the officer-in-charge at a CDC quarantine station. 0429 IAF, Tab 13 at 99-111 (DE-36 posting and position description). After considering all the experience listed in the appellant's application, the agency concluded that he was not qualified because he lacked experience involving preparedness and emergency response detection and prevention of infectious diseases. *Id*. at 29 (sworn declaration of J.W.).

¶11 The DE-01 posting corresponded to a GS-15 position serving as the principal leader of a unit overseeing policy and communications; multilateral partnerships; public-private partnerships; and external relations with Congress, other agencies, and key partners. *Id*. at 173-85 (DE-01 posting and position description). After considering all the experience listed in the appellant's application, the agency concluded that he was not qualified because he lacked experience directly related to the position. *Id*. at 114 (sworn declaration of P.H.).

¶12    The DE-77 posting corresponded to a GS-15 position serving as the official CDC point of contact and authority for American Indian/Alaskan Native (AI/AN) communities.  *Id*. at 246-59 (DE-77 posting and position description).  After considering all the experience listed in the appellant's application, the agency concluded that he was not qualified because he lacked experience providing advice in the development and administration of AI/AN communities.  *Id*. at 188-89 (sworn declaration of S.S.).

¶13    The DE-23 posting corresponded to a GS-14 position serving as a team lead, overseeing staff to develop, implement, monitor, and provide technical assistance for CDC immunization programs.  *Id*. at 318-32 (DE-23 posting and position description).  After considering all the experience listed in the appellant's application, the agency concluded that he was not qualified because he lacked experience in team management, planning, developing, organization, implementation, administration, and evaluation of public health programs.  *Id*. at 262 (sworn declaration of R.J.).

¶14    While the agency submitted sworn statements indicating that it considered all of his experience, the appellant presented no evidence to the contrary.  The appellant has not identified any valuable experience or work history from his applications that the agency improperly omitted, overlooked, or excluded in assessing his qualifications. *Cf. Kirkendall*, 573 F.3d at 1324 (finding a veterans' preference violation where the agency "simply ignored" military documents reflecting relevant experience because it was not printed within the appellant's application); *Phillips v. Department of the Navy*, [110 M.S.P.R. 184](#), ¶¶ 8, 12 (2008) (remanding to determine whether the agency had considered the preference-eligible appellant's documented experience, where the record suggested that the agency had instead relied solely on his being a GS-6 to conclude that he did not have the minimum qualifications for a GS-8 position).  Therefore, we find no reason to disturb the administrative judge's conclusion that the agency considered all of the appellant's relevant experience before deeming

him not qualified for any of the Public Health Advisor positions. *See* ID at 7-10. Accordingly, the appellant failed to meet his burden of proving that the agency violated his veterans' preference rights.

¶15 Although the appellant requested a hearing in this matter, the Board has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008). A factual dispute is "material" if, in light of the governing law, its resolution could affect the outcome. *Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶ 14 (2006). A factual dispute is "genuine" when there is sufficient evidence favoring the party seeking an evidentiary hearing for the administrative judge to rule in favor of that party should that party's evidence be credited. *Id.*

¶16 The appellant has failed to identify any persuasive evidence that warranted a hearing. He instead argues that a hearing would have provided an opportunity to elicit testimony from the agency officials who submitted sworn declarations in this appeal, confirming that they considered all his experience in finding that he was not qualified for the vacancies. PFR File, Tab 1 at 8-10. The appellant suggests that these officials, in theory, could contradict their own sworn declarations if they testified at a hearing. *Id.* However, that unfounded speculation does not amount to a genuine factual dispute. Moreover, to the extent that he wished to question how those agency officials weighed his experience, such an inquiry is beyond the scope of this appeal, as explained above. Accordingly, we find no error in the administrative judge's denial of the appellant's hearing request.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____

                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.